UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 21-CR-00334-TJK |
| | ) | |
| DALE SHALVEY | ) | |
| | ) | |
| Defendant | ) | |

**<u>DEFENDANT DALE SHALVEY'S MOTION TO EXTEND SURRENDER DATE</u>**

William L. Shipley
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com
*Attorney for Defendant*

1

Comes now Defendant Dale Shalvey, by and through his undersigned counsel of record, William L. Shipley, and respectfully requests an order extending his date for surrendering to the United States Bureau of Prisons by 90 days – to November 6, 2024.

Defendant Shalvey is currently under an Order to report to FCI Atlanta on or before August 6, 2024.

On October 3, 2022, pursuant to a written plea agreement, Defendant Shalvey entered guilty pleas to Counts Two and Three of the Fourth Superseding Indictment, charging him with violations of 18 U.S.C. Sec. 111(a) and Sec. 1512(c)(2), respectively.

On May 11, 2023, this Court sentenced Defendant Shalvey to serve 41 months in prison.

The Guideline Calculation agreed to by the parties in the plea agreement provided for the application of U.S.S.G. Sec. 2A2.2 and Sec. 2J1.2 on the two counts, respectively.

With regard to the Sec. 111(a) offense, the Adjusted Guideline Level was 20.

With regard to the Sec. 1512(c)(2) offense, the Adjusted Guideline Level was 25. This included the application of two Specific Offense Characteristics – Sec. 2J1.2(b)(1)(B) and Sec. 2J1.2(b)(2), for a combined increase of 11 levels.

In *United States v. Brock*, 94 F.3d 39 (D.C.C. 2024), the Circuit Court of Appeals held the +3 enhancement under Sec. 2J1.2(b)(2) did not apply to the events at the Capitol on January 6, 2021. The basis for the Court's decision also applies to the +8 level enhancement under Sec. 2J1.2(b)(1)(B).

2

Thus, rather than an adjusted level of 25, the adjusted level for the Sec. 1512(c)(2) offense should have been only 14.

In addition, in *Fischer v. United States*, No. 23-5572 (June 28, 2024), the Supreme Court called into question the Government's use of Sec. 1512(c)(2) in connection with the events of January 6, and determined that the proper interpretation of that statute is narrower with respect to the scope of conduct to which it applies than the manner it has been employed by the Government. Rather than "obstructing" the proceedings on that day, the offense conduct must be directed at some record, object, or other thing of an evidentiary nature with the intent to impair that record, object, or other thing from being used in the proceeding.

Defendant Shalvey is not aware of any January 6 case where the Government has posited a theory based on the facts of that day by which it intends to proceed to trial or to defend against post-*Fischer* efforts by defendants to obtain some form of relief from a conviction on Sec. 1512(c)(2). As a general proposition, the Government has requested from several Judges in this District a period of at least 60 days to consider the implications of the Supreme Court's decision in *Fischer*, and to await further guidance from the Circuit Court where the case what remanded.

While it appears that – at least for now – Defendant Shalvey's conviction for a violation of Sec. 111(a) might remain in place, there is no question that errors were made in the calculation of the applicable guideline range for his

conduct, as the guideline calculation for the Sec. 1512(c)(2) offense was used to determine the sentencing guideline range.

Further, in taking into consideration the various factors under Sec. 3553(a), the Court likely considered the allegations of "offense conduct" that aren't, pursuant to *Fischer,* criminal conduct.

But most significantly, the need to avoid unwarranted disparities in sentences imposed on defendants in similar circumstances post-*Fischer* will undoubtedly require reconsideration of Mr. Shalvey's 41-month sentence – something that would be best accomplished after the Government has taken a position on how it intends to address *Fischer* in cases such as Defendant Shalvey's.

An extension of 90 days would allow time for consultation between Mr. Shalvey's counsel and the Government, as well as for Mr. Shalvey's counsel to determine the most appropriate vehicle to bring Mr. Shalvey's case back before this Court to seek a remedy consistent with *Fischer*.

In addition, the 90-day extension would allow Mr. Shalvey to finish out the summer and fall harvest season on his small family farm that is operated primarily by Mr. Shalvey and his wife, Tara Stottlemyer.

Finally, when Defendant Shalvey is to be resentenced, it would require fewer government resources if he remained out of custody and was summoned to appear for resentencing on a specific date, rather than require that he be transported by the U.S. Marshal to this Court from some distant BOP facility where he might be located, and held for some amount of time after his arrival

and resentencing at DOC. Mr. Shalvey has been on release, subject to certain terms and conditions, since the day of his arrest in March 2021.

Dated: July 18, 2024                     Respectfully Submitted,

                                         /s/ William L. Shipley
                                         William L. Shipley, Jr., Esq.
                                         PO BOX 745
                                         Kailua, Hawaii 96734
                                         Tel: (808) 228-1341
                                         Email: 808Shipleylaw@gmail.com

                                         *Attorney for Defendant*

5