UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 1:21-CR-00334 (TJK) |
| : | |
| DALE SHALVEY, : | |
| : | |
| Defendant. : | |

# UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO EXTEND SURRENDER DATE

The United States submits this response to the Defendant's Motion to Extend Surrender Date (ECF 139). Nearly two years ago, the Defendant pled to violations of 18 U.S.C. §§ 111(a)(1) (assaulting, resisting, or impeding certain officers) and 1512(c)(2), 2 (obstruction of an official proceeding) for his conduct on January 6, 2021. On May 11, 2023, the Defendant was sentenced to 41 months of incarceration but was allowed to delay reporting to the Bureau of Prisons for over a year. Now, less than a month before he is due to report to begin his sentence, the Defendant seeks additional delay, of 92 days, to determine "the most appropriate vehicle" to bring potential *Fischer*[1] related issues before the Court and to work on his family farm. (Mot. at 4.) Because the decision in *Fischer* has no bearing on the Defendant's assault conviction or sentence, and because he does not explain why, unlike every incarcerated defendant pursuing post-conviction relief, he cannot review legal options while serving his sentence, the Defendant has not provided valid grounds to delay his reporting date and his motion should be denied.

---

[1] *Fischer v. United States*, 144 S.Ct. 2176 (2024). In *Fischer*, the Supreme Court addressed the scope of 18 U.S.C. § 1512(c)(2), stating that held that Section 1512(c) does not cover "all means of obstructing, influencing, or impeding any official proceeding." *Id*. at 2185. Accordingly, the opinion has no bearing on the Defendant's conviction for assault under 18 U.S.C. § 111(a).

**BACKGROUND**

On January 6, 2021, the Defendant, Dale Shalvey, traveled to Washington D.C. with Tara Stottlemyer and Katharine Morrison. (ECF 73 ¶8.) At approximately 2:09 p.m., while within the restricted grounds on the West Front of the Capitol, the Defendant walked up to a bike rack, which was staged as a barricade to prevent protesters from accessing the Capitol, and assaulted law enforcement by throwing an object that hit a D.C. Metropolitan Police Officer. (*Id.* ¶ 10.) At approximately, 2:20, the Defendant, Stottlemyer, and Morrison breached the Capitol through the Senate Wing Door. (*Id.* ¶ 11.) The Defendant went to various areas in the Capitol, including, but not limited to, the Crypt, the Speaker of the House's Suite, the Rotunda, and the Senate Chamber. (*Id.*) While in the Rotunda, the Defendant moved velvet rope stanchions to help protesters walk through the Rotunda. (*Id.* ¶12.)

While in the Senate Gallery hallway, the Defendant showed Stottlemyer, and Morrison zip ties and handcuff restraints that he had in his hands. (*Id.* ¶12.) At approximately 2:29 p.m., the Defendant, Stottlemyer, and Morrison entered the Senate Chamber. (*Id.*) There, the Defendant, Stottlemyer, and Morrison looked through Senators' desks and took pictures of documents that were in and on those desks. (*Id.*) The Defendant took a letter written by Senator Mitt Romney to Vice-President Michael Pence from a Senator's desk and destroyed it after leaving the Capitol. (*Id.*) At one point Shalvey told his fellow rioters to "look" at another document he found, and Stottlemyer stated it was "Ted Cruz's objection to the Arizona [inaudible]." (ECF 103 at 29.) The Defendant left the Senate Chamber at approximately 2:59 p.m., thirty minutes after he entered, and he left the Capitol building at approximately 3:05 p.m. (ECF 73 ¶ 12.)

On March 9, 2021, the Defendant was arrested for his illegal activity on January 6, 2021. (*Id.* ¶ 13.) During a post-arrest interview, the Defendant falsely claimed that he was unaware of any assaults on law enforcement and that he did not participate in any violent acts. (*Id.*)

On October 3, 2022, the Defendant pled guilty to one violation of 18 U.S.C. § 111(a)(1) and one violation of 18 U.S.C. § 1512(c)(2). (ECF 70.) As part of the plea agreement, the parties agreed that, prior to any acceptance of responsibility points, the estimated offense levels were 20 for the assault violation and 25 for the obstruction violation. After grouping and a three-point reduction for acceptance of responsibility, the total estimated offense level was 22.

On May 11, 2023, this Court sentenced the Defendant to a term of 41 months of incarceration and 24 months of supervised release. (May 11, 2023 Tr. 103:12-23.) The Defendant was not required to report for his sentence before August 1, 2024, so that he and his wife, Stottlemyer, could stagger their sentences to ensure there was always a parent home with their child and someone available to maintain their farm. (May 11, 2023 Tr. 103:19-23 ("But it's a result of how I'm going to stagger his sentence with his wife's so that they will never be in prison together, and one of them will always be out of prison to be able to care for their child and to be able to help maintain their farm.").) Judgement was entered on May 15, 2023. (ECF 112.) The Defendant must report to the Bureau of Prisons on or before August 6, 2024. (Mot. at 1.) On July 19, 2024, the Defendant filed the instant motion to delay his reporting time by 92 days until November 6, 2024.

## **ANALYSIS**

The Defendant should not be permitted to further delay his sentence. The Defendant asks the Court to delay his reporting date to the Bureau of Prisons from August 6, 2024 to November

6, 2024 to allow his counsel time to consult with the government[2] and for the Defendant and his counsel to have time to "determine the most appropriate vehicle to bring Mr. Shalvey's case back before this Court to seek a remedy consistent with *Fischer*." (Mot. at 4.) Additional time to assist counsel is not a reason to delay reporting. *See, e.g.*, *United States v. Lindberg*, 2020 WL 6054941, at *1 (W.D.N.C. October 13, 2020) ("Defendant's argument that incarceration will hinder his ability to assist his attorneys in pursuing his appeal and therefore prevent him from exercising his right to counsel . . . is not a basis for allowing Defendant to delay reporting to the BOP."). The Defendant has not filed anything concerning his conviction or sentence. At this point, his motion and any potential relief are merely speculative. If the Defendant decides to pursue additional remedies, like any other defendant, he will be able to assist his counsel in pursuing any necessary challenges while incarcerated.

Moreover, even if the Defendant's hypothetical motion invoking *Fischer* were filed today, he would still serve a sentence of incarceration. As previously noted, the Defendant is convicted of two offenses: 18 U.S.C. §111(a)(1) and 18 U.S.C. §1512(c)(2). Any future motion under *Fischer* that the Defendant contemplates would only affect the latter conviction, as he recognizes. (*See* Mot. at 3 ("While it appears – at least for now – Defendant Shalvey's conviction for a violation of Sec. 111(a) might remain in place . . .").) The ruling in *Fischer* only concerns Section 1512(c)(2); it provides no reason to disturb his conviction for assault. The Defendant's motion to extend his surrender date provides no basis to challenge the assault conviction that supports years of incarceration.

---

[2] As of the filing of this response, counsel for the Defendant has never asked the government to meet and confer on any of these issues.

The Defendant's request to delay reporting "to finish out the summer and fall harvest season" with his wife, Stottlemyer, (Mot. at 4), is also not a reason for further delay either. During sentencing, the Court recognized the Defendant's role on his farm and staggered his term of incarceration with Stottlemyer's incarceration in part so someone would always be available to take care of the farm. May 11, 2023 Tr. 103:19-23; *see also* May 11, 2023 Tr. 102:24-103:4 ("the other characteristic of each defendant that is important is their role maintaining their farms that they help maintain, number one."). Additionally, Stottlemyer's current home detention conditions have now been relaxed to allow her more time to work on the farm. (July 10, 2024 Minute Order (ordering that Stottlemyer be permitted to "leave her residence, but remain on her property, for up to 16 hours per day for employment purposes.").) Stottlemyer's ability to maintain the farm is thus better than it was when the Court assessed it at sentencing. This Court addressed maintenance of the Defendant's farm at sentencing and fashioned a sentence to address that concern. The Defendant has not provided any persuasive reason, procedural mechanism, or supporting authority for reconsideration of the Court's decision.

Finally, the Defendant's sentence has already been delayed. If the Defendant's motion is allowed, the commencement of his sentence will occur more than two years after he pled guilty and nearly18 months after he was sentenced. The purposes behind criminal sentencing are "retribution, deterrence, incapacitation, and rehabilitation." *Tapia v. United States*, 131 S. Ct. 2382, 2387 (2011) ("[A] court must fashion a sentence 'to achieve the[se] purposes . . . to the extent that they are applicable' in a given case.") (quoting and citing 18 U.S.C. § 3551(a)). Further delay is unfair to the public, which has an interest in speedy justice just like criminal defendants do, and additional delay would undercut respect for the law. *See United States v. Sheppard*, 21-cr-203 (JDB), 2023 WL 6847010, at *1 (D.D.C. Oct. 17, 2023) (reporting to the Bureau of Prisons

eleven-months from conviction and four months from sentencing "does not promote respect for the law and may undercut the deterrent effect of the sentence for [defendant]."); *United States v. Nocito*, Crim. No. 18-35, 2024 WL 149849, at *3 (W.D. Pa. Jan. 13, 2024) ("Going to prison is unavoidably disruptive, which serves part of its role in providing just punishment and deterrence to criminal activity").

    For the aforementioned reasons, the government respectfully requests that the Defendant's motion be denied.

                                      Respectfully submitted,

                                      MATTHEW M. GRAVES
                                      United States Attorney
                                      D.C. Bar No. 481052

By:    */s/ Kathryn E. Bolas*
        KATHRYN E. BOLAS
        Assistant U.S. Attorney
        NY Bar No. 5704234
        United States Attorney's Office
        601 D Street, NW
        Washington, D.C. 20530
        (202) 252-0872
        Kathryn.Bolas@usdoj.gov